UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
: 
ANTHONY M. FORESTA :
: Civ: 3:08-CV-1571 (WWE)
               Plaintiff, :
:
— against — :
:
CENTERLIGHT CAPITAL MANAGEMENT, LLC; :
GARY KILBERG, in his individual and official :
capacities; ANDRES CONSTAN, in his individual :
and official capacities; CHARLES PARKHURST, in :
his individual and official capacities; and RAHUL :
SONDHI, in his individual and official capacities, :
:
               Defendants. :
------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

THOMPSON WIGDOR & GILLY LLP

Scott B. Gilly (ct22191)
Ariel Y. Graff (phv03106)
85 Fifth Avenue
New York, New York 10003
(212) 257-6800

*Counsel for Plaintiff Anthony M. Foresta*

# TABLE OF CONTENTS

     **Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT.............................................................................................................................3

    I.    Standard for Dismissal Under Rule 12(b)(1) ................................................3

    II.    Defendants' Motion Raises No Cognizable Challenge to
           The Court's Subject-Matter Jurisdiction Over Plaintiff's ADA Claims........3

    III.    Defendants' Motion Does Not Address Whether CCM
           Had The Requisite Number of "Employees" to Establish
           Liability Under the ADA .............................................................................5

    IV.    Dismissal Is Unwarranted Without Plaintiff's
           Opportunity to Obtain Discovery..................................................................7

CONCLUSION ..........................................................................................................................8

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)..................................................................2, 3

*Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*,
    436 F.3d 82, 89 (2d Cir. 2006)......................................................................................3

*Bell v. Hood*, 327 U.S. 678 (1946)................................................................................3

*Bridges v. Eastman Kodak Co.*, 800 F. Supp. 1172 (S.D.N.Y. 1992) .................................7

*Cauthorne v. Mutual Life Ins. Co.*, 96 Civ. 0232 (JFK),
    1997 U.S. Dist. LEXIS 3895 (S.D.N.Y. Apr. 1, 1997)............................................7

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000) .................................................4

*EEOC v. Newmark & Co. Real Estate*, 96 Civ. 9091 (LMM),
    1997 U.S. Dist. LEXIS 8341 (S.D.N.Y. June 10, 1997) ..................................... 5-6

*Fernandez v. M&L Milevoi Mgmt., Inc.*, 357 F. Supp. 2d 644 (E.D.N.Y. 2005) ................4

*Krasner v. Episcopal Diocese of Long Island*, 374 F. Supp. 2d 306 (E.D.N.Y. 2005) .......4

*Lans v. Kiska Constr. Corp.*, 96 Civ. 4114 (KMW)(AJP),
    1997 U.S. Dist. LEXIS 21271 (S.D.N.Y. Apr. 18, 1997) ........................................6

*Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)..................................................3

*Matthews v. New York Life Ins. Co.*, 780 F. Supp. 1019 (S.D.N.Y. 1992).........................7

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992) .........................................6

*Reddington v. Staten Island Univ. Hosp.*, 373 F. Supp. 2d 177 (E.D.N.Y. 2005)...............4

*Sipfle v. Cortland Country Club, Inc.*, 04-cv-565 (NAM)(GHL),
    2006 U.S. Dist. LEXIS 79781 (N.D.N.Y. Nov. 1, 2006) ........................................7

*Spirt v. Teachers Ins. & Annuity Ass'n*, 691 F.2d 1054 (2d Cir. 1982),
    *vacated on other grounds*, 463 U.S. 1223 (1983).......................................................6

*Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202 (1997)..................................................5

**FEDERAL STATUTES**

Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. .....................1, 7

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b)....................4

28 U.S.C. § 1367(a) ...............................................................................................................1

28 U.S.C. § 1331....................................................................................................................2

28 U.S.C. § 1343....................................................................................................................2


**STATE STATUTES**

Connecticut Fair Employment Practices Act,
    Connecticut General Statute §§ 46a-51 et seq. ..........................................................1

Connecticut Wage Law, C.G.S. §§ 31-58 et seq. .................................................................1

Plaintiff Anthony Foresta ("Plaintiff" or "Mr. Foresta") respectfully submits this memorandum of law in opposition to the motion by Defendants, Centerlight Capital Management, LLC ("CCM" or the "Company"), Gary Kilberg, Andrew Constan, Charles Parkhurst and Rahul Sondhi (collectively, "Defendants"), to dismiss his Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

## PRELIMINARY STATEMENT

Nearly four months after filing an Answer to the Complaint, Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(1), asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA").[1]  Defendants maintain that Plaintiff's federal claims are barred because CCM did not employ fifteen employees and is thus not an "employer" subject to the ADA.  (See Defs.' Mem. at 4).  Defendants also claim that Plaintiff's state law claims are barred because the Court lacks pendent jurisdiction.[2] (Id.).

Notwithstanding these erroneous assertions, Defendants' motion fails to allege any cognizable basis for challenging the Court's subject matter jurisdiction over this case and must therefore be denied in its entirety.  The Supreme Court has explicitly held that the "fifteen

---

[1]  Mr. Foresta filed his Complaint in this action on October 14, 2008.  The Complaint was served on Defendants the following day, October 15, 2008.  Mr. Foresta then consented to Defendants' request for a 42-day extension of time to file their Answer, which was filed on December 17, 2008.  Plaintiff did not oppose Defendants' subsequent request for an extension of time to file a motion to dismiss for "lack of subject matter jurisdiction" under Fed. R. Civ. P. 12(b)(1).  This extension was granted by the Court and incorporated into the parties' Joint Report of Rule 26(f) Planning Meeting.  On February 5, 2009, the Court granted Defendants' request for a further extension of time to file their anticipated motion to dismiss pursuant to Rule 12(b)(1).

[2]  Mr. Foresta invoked the Court's supplemental jurisdiction over his related claims arising under state law pursuant to 28 U.S.C. § 1367(a), including the Connecticut Fair Employment Practices Act, Connecticut General Statute §§ 46a-51 et seq., and the Connecticut Wage Law, C.G.S. §§ 31-58 et seq.  (See Compl. ¶ 2).

employee requirement" under federal employment discrimination law "is an element of a Plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Therefore, Defendants' assertions do not relate to the Court's subject matter jurisdiction; they are factual questions related to the substance of Plaintiff's ADA claims, inappropriately addressed at this stage of the litigation.

Moreover, Defendants also misstate the relevant legal standard for determining how many employees an employer has for purposes of satisfying the fifteen-employee element of an ADA claim. Thus, Defendants' baseless challenge to the Court's subject matter jurisdiction under Rule 12(b)(1) would also have been insufficient to succeed as a Rule 12(b)(6) motion.

## STATEMENT OF FACTS

Mr. Foresta respectfully refers the Court to his Complaint for a full statement of facts relevant to this action. For purposes of the pending motion, Mr. Foresta respectfully notes that his Complaint properly invokes the Court's federal-question subject-matter jurisdiction by providing that: "The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA." (*See* Compl. ¶ 2). The Complaint also properly alleges that: "At all relevant times, Defendant CCM met the definition of an 'employer' under all applicable statutes" (*see id.* ¶ 5); and that: "At all relevant times Mr. Foresta met the definition of an 'employee,' a 'qualified individual with a disability' and/or a 'physically disabled employee' under all applicable statutes through his employment with Defendants." (*See id.* ¶ 4).

**ARGUMENT**

I.     **Standard for Dismissal Under Rule 12(b)(1).**

A Plaintiff properly invokes federal-court subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted). A claim invoking federal-question jurisdiction under section 1331 "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). "When (as here) a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) is addressed to the complaint, a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citations omitted). Although evidentiary matters may be presented by affidavit if subject-matter jurisdiction is challenged under Rule 12(b)(1), the presentation of affidavits does not convert a motion under Rule 12(b)(1) into a motion for summary judgment under Rule 56. *See, e.g.*, *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89 (2d Cir. 2006).

II.    **Defendants' Motion Raises No Cognizable Challenge to The Court's Subject Matter Jurisdiction Over Plaintiff's ADA Claims.**

The Supreme Court has unambiguously determined that the threshold number of employees for application of federal anti-discrimination statutes "is an element of Plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).[3]

---

[3]     *See also Arbaugh*, 546 U.S. at 510 ("Americans with Disabilities Act of 1990's employee-numerosity requirement, 42 U.S.C. § 12111(5)(A), resembling Title VII's requirement, is not jurisdictional") (citation omitted).

Therefore, Defendants cannot move to dismiss the Complaint pursuant to Rule 12(b)(1) on the grounds that CCM does not have the requisite number of employees.

Even prior to the Supreme Court's decision in *Arbaugh*, it was already settled law in the Second Circuit that proof that an employer has fifteen or more employees "is an essential element of the merits of a Plaintiff's case, and not a jurisdictional issue." *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 366 (2d Cir. 2000) ("[T]he threshold number of employees for application of Title VII is not a jurisdictional issue, at least as long as a plaintiff, as in the pending case, makes a non-frivolous claim that the defendant is a covered employer.").[4] Thus, the Court may only dismiss an ADA or Title VII claim under Rule 12(b)(1) on this basis if the Complaint fails to show on its face that the Defendant is an "employer" under Title VII or the ADA. *See Krasner v. Episcopal Diocese of Long Island*, 374 F. Supp. 2d 306, 309 (E.D.N.Y. 2005) (citing *Da Silva*, 229 F.3d at 366)); *see also Reddington v. Staten Island Univ. Hosp.*, 373 F. Supp. 2d 177, 191-92 (E.D.N.Y. 2005) (denying motion to dismiss under Rules 12(b)(1) and 12(b)(6) because Plaintiff's allegation that Defendant "was her 'employer' as that term is defined in Title VII and the other anti-discrimination statutes she invokes" is sufficient to provide Defendant "with notice of the claims against it"); *Fernandez v. M&L Milevoi Mgmt., Inc.*, 357 F. Supp. 2d 644, 647 (E.D.N.Y. 2005) (denying Defendants' motion to dismiss for lack of subject matter jurisdiction because Plaintiff sufficiently alleged Defendant entity was his "employer").

In this case, Plaintiff has properly invoked the Court's subject matter jurisdiction over his ADA claims. (*See* Compl. ¶ 2) ("The Court has jurisdiction over this action pursuant to 28

---

[4] The ADA and Title VII each provide that an "employer" is: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. § 12111(5)(A) (ADA).

4

U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA."). Defendants' motion to dismiss fails to assert any valid challenge to the Court's subject matter jurisdiction over this action under Rule 12(b)(1), and Defendants' motion must therefore be denied in its entirety.[5]

### III. Defendants' Motion Does Not Address Whether CCM Had the Requisite Number of "Employees" to Establish Liability Under the ADA.

Even if controlling Supreme Court and Second Circuit authority did not preclude Defendants' challenge to the Court's subject matter jurisdiction, Defendants' motion still would be insufficient to warrant dismissal. The payroll materials submitted in support of Defendants' motion are insufficient to determine whether CCM employed the requisite number of employees within the meaning of the ADA. Defendants' emphasis on payroll records alone fundamentally misstates the function of the "payroll method" as defined by the Supreme Court. (*See* Defs.' Mem. at 8) (emphasis in original).

The Supreme Court has endorsed a test referred to as the "payroll method" because "an employment relationship is '*most readily demonstrated* by the individual's appearance on the employer's payroll.'" *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202 (1997). However, contrary to Defendants' contention, the payroll method does not "restrict liability to those employers who have fifteen or more employees on their payroll. Rather, the touchstone is whether [Defendants] had *an employment relationship* with fifteen or more employees during the

---

[5] Although Defendants' motion does not assert that Plaintiff's Complaint fails to allege sufficient facts to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Plaintiff has also properly alleged that Defendants employed the requisite number of employees to establish liability under the ADA. (*See* Compl. ¶ 5) ("At all relevant times, CCM met the definition of an 'employer' under all applicable statutes.").

5

relevant period." *EEOC v. Newmark & Co. Real Estate*, 96 Civ. 9091 (LMM), 1997 U.S. Dist. LEXIS 8341 (S.D.N.Y. June 10, 1997) (emphasis added).[6]

The requisite "employment relationship" in this context can be demonstrated by a host of additional factors, none of which, including an individual's appearance on payroll, is dispositive:

> Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992) (internal footnotes and quotations omitted).

Moreover, "it is well settled in the Second Circuit that the term 'employer,' as it is used in Title VII, is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an 'employer' of an aggrieved individual as that term has generally been defined at common law." *Lans*, 1997 U.S. Dist. LEXIS 21271, at *12 (quoting *Spirt v. Teachers Ins. & Annuity Ass'n*, 691 F.2d 1054, 1063 (2d Cir. 1982) (internal quote marks omitted), *vacated on other grounds*, 463 U.S. 1223 (1983)).

Defendants' reliance on portions of CCM's payroll records to demonstrate that the Company had less than the requisite number of "employees" to incur liability under the ADA is

---

[6] *See also*, *e.g.*, *Lans v. Kiska Constr. Corp.*, 96 Civ. 4114 (KMW)(AJP), 1997 U.S. Dist. LEXIS 21271, at *10 (S.D.N.Y. Apr. 18, 1997) (In *Walters* "the Supreme Court adopted the 'payroll method' of determining Title VII's statutory prerequisite that the employer have fifteen or more employees on a given work day," but did not adopt this method for "defining when an employment relationship exists.").

therefore entirely misplaced, as the number of "employees" who appear on CCM's payroll records is only one of multiple, non-dispositive factors that bear on this determination.

Furthermore, Defendants do not even claim that the four pages of CCM's payroll records submitted in support of their motion demonstrate the number of (payroll) employees at CCM for "each working day" in each of the "calendar weeks in the current or preceding calendar year, and any agent of such a person" pursuant to the ADA's definition of an "employer." *See* 42 U.S.C. § 12111(5)(A). Thus, even if payroll records *were* the sole measure of who qualifies as an "employee," the incomplete and selectively presented payroll records that Defendants rely upon would be insufficient to determine Defendants' liability under the ADA.

IV.     **Dismissal Is Unwarranted Without Plaintiff's Opportunity to Obtain Discovery.**

Although Defendants have failed to raise a cognizable challenge to the Court's subject matter jurisdiction, and Plaintiff is therefore not required to rebut Defendants' evidentiary submission, Plaintiff's need to obtain discovery concerning Defendants' assertions of fact also precludes dismissal of the Complaint. *See Sipfle v. Cortland Country Club, Inc.*, 04-cv-565 (NAM)(GHL), 2006 U.S. Dist. LEXIS 79781 (N.D.N.Y. Nov. 1, 2006) (denying Defendants' motion to dismiss under Rule 12(b)(6), despite affidavits purporting to deny Defendants' amenability to suit under Title VII, where, as here, the parties had not commenced discovery).[7] Plaintiff is aware of at least three additional "employees" of CCM whose names do not appear in

---

[7]     *See also Cauthorne v. Mutual Life Ins. Co.*, 96 Civ. 0232 (JFK), 1997 U.S. Dist. LEXIS 3895, at *9-10 (S.D.N.Y. Apr. 1, 1997) (citing *Matthews v. New York Life Ins. Co.*, 780 F. Supp. 1019, 1024 (S.D.N.Y. 1992) (in a pre-*Da Silva* Title VII case, denying Rule 12(b)(1) motion on ground of lack of employer/employee relationship "where the facts can only be partly conveyed by affidavits and motion practice and where the factfinder needs further information and testimony to interpret the significance of the facts"); *Bridges v. Eastman Kodak Co.*, 800 F. Supp. 1172, 1178 (S.D.N.Y. 1992) (declining to decide whether two entities could be treated as single employer under Title VII where parties "submitted only meager factual information on this subject and . . . plaintiffs have had little or no discovery to substantiate their claim that [two entities] operated as one employer")).

the payroll records that Defendants have submitted to the Court and are not otherwise referenced in Defendants' motion to dismiss. Additionally, Plaintiff has a good faith basis to believe that Defendants had employment relationships with other individuals who also are not identified at all in Defendants' motion. The identities and employment status of these employees can only be established through discovery, making Defendants' motion improper and premature.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) in its entirety.

Dated: New York, New York
      March 6, 2009                        Respectfully submitted,

                                       **THOMPSON WIGDOR & GILLY LLP**

                                       By:   /s/
                                            Scott B. Gilly (*pro hac vice* - ct22191)
                                            Ariel Y. Graff (*pro hac vice* - phv03106)

                                       85 Fifth Avenue
                                       New York, NY 10003
                                       Telephone: (212) 257-6800
                                       Facsimile: (212) 257-6845

                                       *Counsel for Plaintiff Anthony M. Foresta*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2009, a copy of foregoing "Memorandum of Law in Opposition to Defendants' Motion to Dismiss" was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                       /s/
                                   Ariel Y. Graff (phv03106)

                                   Thompson Wigdor & Gilly LLP
                                   85 Fifth Avenue
                                   New York, NY 10003
                                   Telephone: (212) 257-6800
                                   Facsimile: (212) 257-6845
                                   Email: agraff@twglaw.com