UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY M. FORESTA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   3:08-cv-1571 (WWE) |
| | : |
| CENTERLIGHT CAPITAL MANAGEMENT, LLC; GARY KILBERG, in his individual and official capacities; ANDRES CONSTAN, in his individual and official capacities; CHARLES PARKHURST, in his individual and official capacities; and RAHUL SONDHI, in his individual and official capacities,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## RULING ON DEFENDANTS' MOTION TO DISMISS

This action arises from plaintiff Anthony M. Foresta's allegations that he was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserting that the Court lacks jurisdiction over plaintiff's claims because defendant Centerlight Capital Managment, LLC ("CCM") does not qualify as an "employer" under the ADA. For the following reasons, the Court will convert defendants' motion to dismiss under rule 12(b)(1) into a motion for summary judgment under rule 56 and reserve decision. The Court will instruct the parties to conduct limited discovery and briefing on whether CCM meets the definition of an "employer" under 42 U.S.C. § 12111(5)(A).

Plaintiff claims the Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 as to plaintiff's federal law claim and pursuant to 28 U.S.C. § 1367 as to plaintiff's state law claims.

1

**BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff began working as a consultant to Archeus Capital, CCM's predecessor, in September 2005.  He was hired to conduct an audit and reconciliation project in light of Archeus's growth.  While plaintiff was working for Archeus, its investment strategy began to fall into disrepute.  On October 30, 2006, it announced that it was winding down its operations and preparing to go out of business.

Several founders and managers of Archeus invited plaintiff to assume the role of Operations Manager for a new hedge fund, CCM, that they were forming.  Plaintiff accepted their offer and joined CCM as a consultant and independent contract through July 31, 2007, when he became a full-time employee.

In September 2007, plaintiff was diagnosed with Occipital Neuralgia and Cervical Spondylosis.  He informed defendants of the diagnosis once it was received.  Following his diagnosis, defendant Rahul Sondhi, plaintiff's direct supervisor and the Chief Operating Officer at CCM, allowed plaintiff to work from home so as to better manage his condition.

On October 30, 2007, Sondhi informed plaintiff that CCM was placing him on an undefined "medical leave" of absence.  Sondhi did not provide an explanation for this leave placement.  After repeatedly trying to contact Sondhi, plaintiff finally got in touch with him.  Sondhi told plaintiff that CCM was "not dealing with [your] medical situation anymore."  Despite further requests, Sondhi refused to provide any clarification or details regarding plaintiff's status with CCM.

On November 1, 2007, Sondhi called plaintiff and informed him that "your medical condition is not working out for us, so we are terminating your employment." Sondhi did not elaborate further.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), cert. granted sub nom., Ashcroft v. Iqbal, 128 S. Ct. 2931 (2008).

Defendants argue that the Court lacks jurisdiction over this action because CCM

had, at all relevant times, fewer than the fifteen employees that would trigger liability under the ADA. Even if CCM did in fact have fewer than fifteen employees, the Court would still have jurisdiction because the employee requirement is not a jurisdictional requirement under the ADA. See Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 366 (2d Cir. 2000) ("[T]he threshold number of employees ... is not a jurisdictional issue, at least as long as a plaintiff, as in the pending case, makes a non-frivolous claim that the defendant is a covered employee.") (addressing Title VII claim); see also Pavel v. Plymouth Mgmt. Group, Inc., 2005 U.S. Dist. LEXIS 44402 (E.D.N.Y. Oct. 18, 2005) (relying on Da Silva and addressing claim under ADA). Because plaintiff properly pleaded that CCM is an "employer" under the ADA, the motion to dismiss under rule 12(b)(1) would be denied.

Even if the Court were to construe defendants' motion under rule 12(b)(6) for failure to state a claim, the motion would still be denied. To defeat a motion to dismiss for failure to state a claim upon which relief may be granted, plaintiff's complaint need only put defendants on notice of the claim. On a rule 12(b)(6) motion, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken...." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The complaint does not fail to show on its face that CCM is an employer under the law. See Krasner v. Episcopal Diocese of Long Island, 374 F. Supp. 2d 306, 309 (E.D.N.Y. 2005). Therefore, dismissal is not appropriate under rule 12(b)(6).

Defendants attached an affidavit to their motion which purports to establish that CCM is not an "employer" under the ADA. Should the Court review this affidavit, the

4

Court would have to apply the standard for a rule 56 motion for summary judgment in which outside evidence is appropriate.  See Pavel, 2005 U.S. Dist. LEXIS 44402 (construing motion to dismiss under rule 12(b)(1) as motion for summary judgment).  In such circumstances, plaintiff must receive notice of the Court's decision to change the nature of the motion and the opportunity to properly oppose it.  See Friedl v. City of New York, 210 F.3d 79, 84 (2d Cir. 2000).

Because the Court desires to minimize the costs of litigation in this instant matter and in light of defendant's affidavit as to whether CCM is an "employer" under the ADA, the Court instructs the parties to conduct limited discovery on whether CCM is an "employer" under the ADA.  Plaintiff is also instructed to submit a response addressing defendants' arguments on their merits under rule 56.  The parties are instructed to file a reasonable joint scheduling order for such limited discovery and briefing.[1]

---

[1] Should the Court find that CCM is an "employer" under the ADA, the Court will allow the parties to conduct general discovery and to file dispositive motions as appropriate.  See Wechsler v. Hunt Health Sys., 198 F. Supp. 2d 508, 514 (S.D.N.Y. 2002) (A party may renew its motion for summary judgment as long as it is supported by new material.); Lanci v. Arthur Andersen, L.L.P., 2001 U.S. Dist. LEXIS 16883 (S.D.N.Y. Oct. 15, 2001).

## CONCLUSION

For the foregoing reasons, the Court converts defendants' motion to dismiss under rule 12(b)(1) into a motion for summary judgment (Doc. #21) and reserves decision. The parties are instructed to file a joint scheduling order in accordance with the terms of this ruling within ten days of the filing of this order.

Dated at Bridgeport, Connecticut, this 3d day of April, 2009.

                                                /s/
                                       Warren W. Eginton
                                       Senior United States District Judge