UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY M. FORESTA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :　　3:08-cv-1571 (WWE)<br>: |
| CENTERLIGHT CAPITAL MANAGEMENT,<br>LLC; GARY KILBERG, in his individual and<br>official capacities; ANDRES CONSTAN, in<br>his individual and official capacities;<br>CHARLES PARKHURST, in his individual<br>and official capacities; and RAHUL SONDHI,<br>in his individual and official capacities,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

　　　　This action arises from plaintiff Anthony M. Foresta's allegations that he was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserting that the Court lacks jurisdiction over plaintiff's claims because defendant Centerlight Capital Management, LLC ("Centerlight") does not qualify as an "employer" under the ADA. On April 3, 2009, this Court converted defendants' motion to dismiss under Rule 12(b)(1) into a motion for summary judgment under Rule 56. The parties were instructed to conduct limited discovery and briefing on whether Centerlight meets the definition of an "employer" under 42 U.S.C. § 12111(5)(A).

1

## BACKGROUND

Neither party submitted a statement of fact in compliance with Local Rule 56(a). However, the materials submitted by the parties in support of, and opposition to, summary judgment reveal the following undisputed relevant facts. Plaintiff began working as a consultant to Archeus Capital ("Archeus"), Centerlight's predecessor, in September 2005. He was hired to conduct an audit and reconciliation project in light of Archeus's growth. On October 30, 2006, Archeus announced that it was winding down its operations and preparing to go out of business. Several founders and managers of Archeus invited plaintiff to assume the role of Operations Manager for a new hedge fund, Centerlight, that they were forming. Plaintiff accepted the offer and joined Centerlight as a consultant and independent contractor through July 31, 2007, when he became a full-time employee.

In September 2007, plaintiff was diagnosed with Occipital Neuralgia and Cervical Spondylosis. He informed defendants of the diagnosis and plaintiff was permitted to work from home. On October 30, 2007, Centerlight placed plaintiff on an undefined "medical leave" of absence. Finally, on November 1, 2007, plaintiff's employment with Centerlight was terminated. Plaintiff filed the instant action against defendants on October 14, 2008, alleging unlawful employment discrimination due to his disability. Now pending is defendants' motion for summary judgment as to plaintiff's ADA claims.

**LEGAL STANDARD**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 249.

## DISCUSSION

The ADA provides that no employer covered by the Act "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To be subject to the terms of the ADA, the defendant must be an "employer," which, under the statute, is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

Defendants, in their motion to dismiss, argue that Centerlight is not an "employer" covered by the provisions of the ADA because it employed less than the minimum fifteen (15) employees required by statute. Relying on the "payroll method" defendants maintain that, at most, during the relevant period of the fall of 2007, Centerlight employed seven employees. Plaintiff counters that defendants improperly exclude from its tally seven LLC members and three independent consultants, Shkylar, Westle and Pauilin, all of whom plaintiff avers were employees of Centerlight.

The Supreme Court in Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202, 211 (1997) made clear that the determination of whether the statutory definition of employer is met depends on the existence of an employment relationship with fifteen employees over twenty weeks, not appearance on a payroll. Plaintiff is correct that whether the LLC members and the independent consultants are considered employees under the ADA is to be determined applying common law agency principles.

Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992); Salamon v. Our Lady of Victory Hosp., 514 F.3d 217 (2d. Cir. 2008).

### *Independent Consultants*

Whether a hired person or independent consultant is an employee under the common law of agency depends on a fact-specific analysis of thirteen factors articulated by the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989). They are: (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; (13) and the tax treatment of the hired party. Salamon, 514 F.3d at 227.

Plaintiff, in support of his position that the independent consultants are "employees", relies on Centerlight's organizational chart, which identifies these three individuals, and IRS Forms 1099 issued to two of the three alleged consultants. The organizational chart shows that these individuals were part of Centerlight's operations. However, without more, the chart is insufficient to prove, *inter alia,* whether Centerlight controlled the manner and means by which these three individuals provided their services, what skills Centerlight required of them, where these individuals worked, how they got paid and assigned work and the type of oversight involved. Furthermore, the

tax returns submitted in opposition to summary judgment undermine plaintiff's position. The returns are 1099-Misc forms which are used to report miscellaneous income for individuals or companies who provide independent contractor services. Notably, box 7 on the 1099-Misc forms characterizes the consultants' compensation as "nonemployee" compensation. The tax returns are consistent with Centerlight's payrolls, which do not reference these three individuals. Finally, none of plaintiff's evidence shows whether the independent consultants worked twenty or more calendar weeks as required by 42 U.S.C. § 12111(5).

Accordingly, the evidence proffered by plaintiff to prove that these independent consultants are employees falls short of even the "merely colorable" standard. Plaintiff was allowed an opportunity to conduct discovery on this issue and has failed to make a showing sufficient to establish an essential element of his case on which he would bear the burden of proof at trial.

### *LLC Members*

Drawing from agency principles, whether a shareholder or director is considered an "employee" for ADA purposes depends on whether the individual acts independently and participates in managing the organizations or whether the shareholder or director is subject to the organization's control. Clackamas Gastroenterology Assoc. v. Wells, 538 U.S. 440, 449 (2003) (adopting the EEOC's six-part test applicable to the inquiry whether a shareholder-director is an employee). However, to prevail, plaintiff needed to prove that the three independent consultants *and* at least six of the non-paid LLC members were employees of Centerlight to obtain the minimum fifteen necessary to

satisfy an essential element of the ADA.[1]  Because plaintiff has failed to put forth sufficient evidence to prove that the independent consultants were employees, this Court need not decide whether the LLC members were in fact employees.

In converting defendants' motion to dismiss into a motion for summary judgment the Court instructed the parties to conduct discovery on whether Centerlight is an employer under the ADA (doc. # 24).  Therefore, the parties had the opportunity to conduct discovery and fully brief the issue to the Court.  Based on the evidence, plaintiff has failed to establish an essential element of his claim and summary judgment in favor of defendants as to counts one, two and three is appropriate.

*State Law Claims*

Plaintiff's remaining claims pursuant to the Connecticut Fair Employment Practices Act and the Connecticut Wage Law are based on state law.  Having dismissed all of the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, these claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, defendants' converted motion for summary judgment [doc. # 21] is GRANTED.  Summary judgment shall enter in defendants' favor on plaintiff's ADA allegations.  The Court declines to exercise supplemental jurisdiction

---

[1] Plaintiff argues that the "Quantitative Analyst" listed on Centerlight's organizational chart must also be counted as an employee.  However, there is no evidence that Centerlight actually employed a person for this position.

over plaintiff's state law claims and DISMISSES these claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  The clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 28th day of July, 2009.

                                                /s/
                                   Warren W. Eginton
                                   Senior United States District Judge